IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD DAPUZZO AND PAULA DAPUZZO, HUSBAND AND WIFE,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MARK ANDERSON, M.D., INDIVIDUALLY AND AS AN AGENT, SERVANT OF ALBERT EINSTEIN MEDICAL CENTER; JOHN AND JANE DOES 1-15, FICTITIOUS NAMES WHOSE PRESENT IDENTITIES ARE UNKNOWN; AND ABC CORPORATIONS 1-15, FICTITIOUS NAMES WHO PRESENT IDENTITIES ARE UNKNOWN,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>NO. |

## NOTICE TO PLAINTIFFS

**TO:**　Ronald Dapuzzo and Paula Dapuzzo, H/W
　　　c/o Frank S. Gaudio, Esquire
　　　Attorney for Plaintiff
　　　Miller & Gaudio, P.C.
　　　104-110 Maple Avenue
　　　Red Bank, NJ 07701

**PLEASE TAKE NOTICE** that Defendants, Mark Anderson, M.D. (incorrectly identified in Plaintiff's Complaint as Marc Anderson, M.D.) and Albert Einstein Medical Center, through their attorneys, Post & Schell, P.C., have filed a Notice of Removal in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441 et seq, removing to that Court a civil action previously pending in the Superior Court of New Jersey, Law Division Civil Part, Ocean County, New Jersey, entitled "Ronald Dapuzzo and Paula Dapuzzo, husband and wife, v. Mark Anderson, M.D., Individually and as an Agent, Servant of Albert Einstein

Medical Center; John And Jane Does 1-15, Fictitious Names Whose Present Identities Are Unknown; and Abc Corporations 1-15, Fictitious Names Who Present Identities Are Unknown", Superior Court of New Jersey, Law Division Civil Part, Ocean County, No. OCN-l-1461-14.

                                                         **POST & SCHELL, P.C.**

**Dated:** September 30, 2014        By: *[signature]*
                                               Mary Ellen Reilly, Esquire
                                               N.J. BAR # 032051983
                                               Thomas R. Chawluk, Jr., Esquire
                                               N.J. BAR # 037262009
                                               Post & Schell, P.C.
                                               Four Penn Center
                                               1600 JFK Boulevard, 13th Floor
                                               Philadelphia, PA 19103
                                               Tel: 215-587-5919
                                               Fax: 215-587-1444
                                               mreilly@postschell.com
                                               tchawluk@postschell.com

                                               *Attorneys for Defendants,*
                                               *Mark Anderson, M.D. and*
                                               *Albert Einstein Medical Center*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD DAPUZZO AND PAULA DAPUZZO, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK ANDERSON, M.D., INDIVIDUALLY AND AS AN AGENT, SERVANT OF ALBERT EINSTEIN MEDICAL CENTER; JOHN AND JANE DOES 1-15, FICTITIOUS NAMES WHOSE PRESENT IDENTITIES ARE UNKNOWN; AND ABC CORPORATIONS 1-15, FICTITIOUS NAMES WHO PRESENT IDENTITIES ARE UNKNOWN,<br><br>Defendants. | CIVIL ACTION<br><br>NO. |

### NOTICE OF REMOVAL BY DEFENDANTS, MARK ANDERSON, M.D. AND ALBERT EINSTEIN MEDICAL CENTER

1. This litigation arises out of plaintiff's claim for medical malpractice against defendant Mark Anderson, M.D., during an aortic valve replacement surgery and hospital admission in June 2012 at Albert Einstein Medical Center (hereinafter "AEMC") in Philadelphia, Pennsylvania. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. On August 11, 2014, defendants filed a Motion to Dismiss Plaintiff's Complaint based on a lack of subject matter jurisdiction, lack of personal jurisdiction, improper service and improper venue. A true and correct copy of defendants' Motion to Dismiss is attached hereto as Exhibit "B".

3.	The Honorable Judge Mark Troncone heard oral argument on defendants' Motion to Dismiss on September 19, 2014, after which he denied defendants' Motion in its entirety. A true and correct copy of the Court's Order, dated September 19, 2014, is attached hereto as Exhibit "C".

4.	While defendants' Motion to Dismiss requested transfer of the matter to Federal District Court, in the event that the Court did not dismiss the Complaint entirely, Judge Troncone elected not to remove the case, and directed defendants to file a Notice of Removal to Federal Court. See Exhibits "B" and "C".

5.	The Complaint in the present action only identifies Mark Anderson, M.D. (individually and as agent, servant and/or employee of Albert Einstein Medical Center) as a named defendant in the caption of the case. See Exhibit "A".

6.	All other defendants in the caption of the case are fictitious names, including John and Jane Does, and Corporate Does. See Exhibit "A".

7.	While Plaintiff's Complaint alleges that Dr. Anderson treated plaintiff in the past in the State of New Jersey, the only allegations of negligence relate to care provided during the admission at Albert Einstein Medical Center, in Philadelphia, PA. See Exhibit "A".

8.	Plaintiff's only claims against Albert Einstein Medical Center are under vicarious liability theories for the alleged negligence of Dr. Anderson, related to care provided solely in Pennsylvania. See Exhibit "A".

9.	Plaintiff's Complaint does not allege that any care at issue was rendered in New Jersey. See Exhibit "A".

10. At the time of the care at issue (June 2012), Dr. Anderson was a citizen and resident of the Commonwealth of Pennsylvania, practiced medicine solely in Pennsylvania, and no linger practiced medicine in the State of New Jersey.

12. Plaintiff's Complaint concedes that Dr. Anderson had moved his practice to Pennsylvania prior to the care at issue. See Exhibit "A".

13. Dr. Anderson was a citizen of Pennsylvania at the time of the filing of this action, was served with a copy of the Complaint and Summons in Pennsylvania, and remains a citizen of Pennsylvania to the present time.

14. Due to the alleged negligence of defendants, plaintiff claims severe permanent injuries, pain and suffering, substantial medical expenses, other derivative damages and losses, as well as interest, attorney's fees and costs of suit. See Exhibit "A".

15. In addition to claims of medical negligence on behalf of plaintiff Ronald Dapuzzo, the Complaint contains claims for loss of consortium on behalf of plaintiff Paula Dapuzzo. See Exhibit "A".

16. As Dr. Anderson was a citizen of Pennsylvania at the time of the care at issue, and at the time of the filing of Plaintiff's Complaint, the present Notice of Removal based on diversity of citizenship is now timely filed with this Honorable Court.

17. Pursuant to 28 U.S.C. §1441, "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

18. This Court's original jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332 insofar as all parties are of diverse citizenship at all times material hereto and that Plaintiffs' claimed damages are in excess of $75,000, as established below.

19. Diversity jurisdiction is determined by examining the citizenship of the parties at the time the Complaint is filed. Onyiuke v. Cheap Tickets, Inc., 435 Fed. Appx. 137, 138 (3d Cir. 2011).

20. Plaintiffs are citizens of New Jersey and Dr. Anderson is a citizen of Pennsylvania. Therefore, diversity of citizenship exists between the parties pursuant to 28 U.S.C. § 1332.

21. Plaintiffs seek recovery of damages for injuries, pain and suffering, economic losses, and loss of consortium damages. See Exhibit "A".

22. Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. See, e.g., Samuel-Basset v. Kia Motors America, Inc., 357 F.3d 392, 398-99 (3d Cir. 2004).

23. Where, however, the Complaint is not specific as to the amount of damages, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

24. In addition, where- as here- the plaintiff does not specifically aver in his complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the

jurisdictional minimum. See Samuel-Bassett, 357 F.3d at 397-98; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

25. Dr. Anderson is covered under a professional liability insurance policy for the Pennsylvania statutory limit of $500,000.

26. As the "value of the rights being litigated" is therefore in excess of the $75,000 removal threshold, it cannot be said "to a legal certainty" that Plaintiff cannot recover the jurisdictional minimum of $75,000. See Samuel-Bassett, 357 F.3d at 397-98; see also Frederico, 507 F.3d at 196-97.

27. Accordingly, this action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth above, all parties are of diverse citizenship and the amount in controversy as alleged in Plaintiff's Complaint is in excess of $75,000.

28. The United States District Court for the District of New Jersey is the district court having jurisdiction over this matter, as the instant civil matter was originally filed in the Superior Court New Jersey, Law Division, Ocean County.

29. Defendants have timely filed for removal of the instant matter to this Court, as this Notice of Removal is filed within thirty (30) days of receiving a copy of the Court's Order, dated September 19, 2014, denying defendants' Motion to Dismiss. 28 U.S.C. § 1446(b).

30. As required under 28 U.S.C. § 1446(d), defendants have also contemporaneously filed copies of this Notice of Removal, and related papers, with the Superior Court of New Jersey, Law Division, Ocean County, in order to effect the removal of this action.

31.     Simultaneous with the filing of this Notice of Removal, defendants have given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Mark Anderson, M.D. and Albert Einstein Medical Center respectfully request that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Ocean County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

**POST & SCHELL, P.C.**

**Dated:** September 30, 2014          By:   *Mary Ellen Reilly*
Mary Ellen Reilly, Esquire
N.J. BAR # 032051983
Thomas R. Chawluk, Jr., Esquire
N.J. BAR # 037262009
Post & Schell, P.C.
Four Penn Center
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
Tel: 215-587-5919
Fax: 215-587-1444
mreilly@postschell.com
tchawluk@postschell.com

*Attorneys for Defendants,*
*Mark Anderson, M.D. and*
*Albert Einstein Medical Center*

## AFFIDAVIT

I, Mary Ellen Reilly, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendants, Mark Anderson, M.D. (incorrectly identified in Plaintiff's Complaint as Marc Anderson, M.D.) and Albert Einstein Medical Center, the petitioners in the foregoing Notice of Removal, that I have been duly authorized by the petitioner to execute this affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

**POST & SCHELL, P.C.**

**Dated:** September 30, 2014  By: *[signature]*
Mary Ellen Reilly, Esquire
N.J. BAR # 032051983
Thomas R. Chawluk, Jr., Esquire
N.J. BAR # 037262009
Post & Schell, P.C.
Four Penn Center
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
Tel: 215-587-5919
Fax: 215-587-1444
mreilly@postschell.com
tchawluk@postschell.com

*Attorneys for Defendants,*
*Mark Anderson, M.D. and*
*Albert Einstein Medical Center*

### INITIAL CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, information, and belief, the matter in controversy set forth in the foregoing Notice of Removal and accompanying Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

POST & SCHELL, P.C.

Dated: September 30, 2014            By: _____
Mary Ellen Reilly, Esquire
N.J. BAR # 032051983
Thomas R. Chawluk, Jr., Esquire
N.J. BAR # 037262009
Post & Schell, P.C.
Four Penn Center
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
Tel: 215-587-5919
Fax: 215-587-1444
mreilly@postschell.com
tchawluk@postschell.com

*Attorneys for Defendants,*
*Mark Anderson, M.D. and*
*Albert Einstein Medical Center*

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that a copy of the within Notice of Removal was served via electronic filing and first class mail on the date shown below to all interested counsel and parties as follows:

Frank S. Gaudio, Esquire
Miller & Gaudio, P.C.
104-110 Maple Avenue
Red Bank, NJ 07701

POST & SCHELL, P.C.

**Dated:** September 30, 2014         By: _____
Mary Ellen Reilly, Esquire
N.J. BAR # 032051983
Thomas R. Chawluk, Jr., Esquire
N.J. BAR # 037262009
Post & Schell, P.C.
Four Penn Center
1600 JFK Boulevard, 13th Floor
Philadelphia, PA 19103
Tel: 215-587-5919
Fax: 215-587-1444
mreilly@postschell.com
tchawluk@postschell.com

*Attorneys for Defendants,*
*Mark Anderson, M.D. and*
*Albert Einstein Medical Center*