# EXHIBIT "A"

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Frank S. Gaudio, Esq. | (732) 741-8769 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Miller & Gaudio, P.C. | 2161-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 104-110 Maple Avenue<br>Red Bank, NJ 07701 | Complaint |
| | JURY DEMAND ■ YES ☐ NO |

MAY 21 2014
SUPERIOR CT., OCEAN

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ronald & Paula Dapuzzo, Plaintiffs | Dapuzzo v. Anderson, et al |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ■ YES ☐ NO |
|---|---|
| 604 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain) |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *[signature]*

Effective 05-07-2012, CN 10517-English                                        page 1 of 2

MILLER & GAUDIO, P.C.
104-110 Maple Avenue
Red Bank, New Jersey 07701
(732) 741-6769
(732) 747-6016 (FAX)
FRANK S. GAUDIO, ESQ.
Attorney ID #018921983
Attorney for Plaintiffs


RECEIVED & FILED
MAY 21 2014
SUPERIOR CT., OCEAN

| | |
|---|---|
| RONALD DAPUZZO AND PAULA DAPUZZO, HUSBAND AND WIFE, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION OCEAN COUNTY |
| Plaintiffs, vs. | CIVIL ACTION |
| MARC ANDERSON, M.D., INDIVIDUALLY AND AS AN AGENT, SERVANT OF EINSTEIN MEDICAL CENTER, JOHN AND JANE DOES 1-15, FICTITIOUS NAMES WHOSE PRESENT IDENTITIES ARE UNKNOWN; AND ABC CORPORATIONS 1-15, FICTITIOUS NAMES WHO PRESENT IDENTITIES ARE UNKNOWN, | DOCKET NO.: OCN-L-2146/-14 COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, CERTIFICATION |
| Defendants. | |

Plaintiffs, Ronald Dapuzzo and Paula Dapuzzo, husband and wife, residing in the Township of Brick, County of Ocean, State of New Jersey, complaining of the defendant say:

### FIRST COUNT

1. Plaintiff, Ronald Dapuzzo, resides in the Township of Brick, County of Ocean in the State of New Jersey.

2. Plaintiff, Ronald Dapuzzo, first consulted with defendant, Marc Anderson, M.D., in 2011 and 2012 at Robert Wood Johnson University Hospital, located in the city of New Brunswick, County of Middlesex, State of New Jersey, during which time Dr. Anderson advised surgery. Before such surgery was performed by defendant, Marc Anderson, M.D., he changed his hospital affiliation from Robert Wood Johnson University Hospital to defendant, Einstein Medical Center, located in the city of Philadelphia, State of Pennsylvania.

3. On or about June 21, 2012, and at all relevant times, the plaintiff, Ronald Dapuzzo, was a patient of the defendant, Marc Anderson, M.D., individually and as an agent, servant, and/or employee of Einstein Medical Center; John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious names who present identities are unknown.

4. The defendant, Marc Anderson, M.D., at all times herein mentioned, individually and as agent, servant and/or employee of Eisenstein Medical Center, was a physician licensed to practice medicine in the State of New Jersey and subsequently the State of Pennsylvania, holding himself out as a specialist in the area of cardiothoracic surgery.

5. Defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein Medical Center, undertook to treat plaintiff, Ronald Dapuzzo, for good and valuable consideration, and expressed and implied that he would render services within the accepted standard of medical practice for cardio thoracic surgery, which he held himself out as competent and as a specialist.

6. The defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein Medical Center, John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious names whose present identities are unknown, had a duty to exercise the degree of care and skill in the treatment of the plaintiff, Ronald Dapuzzo, which was in accordance with the generally accepted medical standards of care and skill utilized by physicians, nurses and other medical personnel in examining, diagnosing and treating persons such as plaintiff, Ronald Dapuzzo.

7. The defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein Medical Center, and John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious

names whose present identities are unknown, negligently and carelessly failed to exercise the degree of care and skill required of them in their treatment of plaintiff, Ronald Dapuzzo, including, but not limited to the following deviations from generally accepted standards:

(a) Surgery for aortic valve replacement conducted on or about June 21, 2012. During the course of the same the defendants failed to timely treat plaintiff;

(b) The defendants negligently failed to diagnose and immediately render appropriate medical treatment to plaintiff, Donald Dapuzzo, during his aortic valve replacement and post-operative care which resulted in endocarditis;

(c) The defendants were otherwise negligent and careless and deviated from generally accepted medical standards in the treatment of plaintiff, Ronald Dapuzzo.

8. As a proximate result of the negligence of the defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein Medical; and John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious names whose present identities are unknown, plaintiff, Ronald Dapuzzo, was

caused severe permanent injuries, causing great pain and suffering.

WHEREFORE, plaintiff, Ronald Dapuzzo, demands entry of judgment against the defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein Medical Center; and John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit.

## SECOND COUNT

1. Plaintiffs, Ronald Dapuzzo and Paula Dapuzzo, husband and wife, repeat and reiterate each and every allegation set forth in the First Count.

2. Plaintiff, Ronald Dapuzzo, was forced to incur substantial medical expenses and other losses as a result of his condition.

3. As a result of defendant's negligence, plaintiff, Ronald Dapuzzo, has incurred and will in the future incur loss of services, as well as other derivative damages and losses.

WHEREFORE, plaintiff, Ronald Dapuzzo, demands entry of judgment against the defendant, Marc Anderson, M.D., individually and as agent, servant and/or employee of Eisenstein

Medical Center; and John and Jane Does 1-15, fictitious names whose present identities are unknown; and ABC Corporations 1-15, fictitious names whose present identities are unknown, for damages, interest, attorney's fees and costs of suit, and such other and further relief as the court may deem proper.

### THIRD COUNT

1. Plaintiffs, Ronald Dapuzzo and Paula Dapuzzo, husband and wife, individually, repeat and reiterate each and every allegation set forth in the First and Second Counts.

2. Plaintiff, Paula Dapuzzo, is the wife of plaintiff, Ronald Dapuzzo.

3. At all times mentioned hereto, plaintiff, Paula Dapuzzo, as wife of plaintiff, Ronald Dapuzzo, witnessed as a member of the household and endured in their own right and/or a family unit, have and will continue to suffer financial expense, emotional distress, anxiety, depression, family disruption and pain suffered by plaintiff, Ronald Dapuzzo, husband, as a direct result of the aforementioned negligence and deviation from accepted standard of care by defendants. Such suffering will continue into the future as plaintiff Paula Dapuzzo witnesses the pain and diminished life of her loved one, plaintiff, Ronald Dapuzzo.

4. As a direct and proximate result of the aforementioned acts of defendants, described herein above, plaintiff, Paula Dapuzzo, has and continues to suffer the expense, loss of consortium, comfort and advice of plaintiff, Ronald Dapuzzo.

WHEREFORE, plaintiff, Paula Dapuzzo, demands judgment against defendants, for compensatory damages, interest, cost of suit, attorney's fees, and such other relief as the court or jury may deem just and proper.

### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand, pursuant to R.4:18-1, that the defendants produce at this office within forty-five days:

1. Copy of any insurance policy(s) which were in effect at the time of the incident and available to satisfy any claim of damages in this matter, together with the total available coverage.

2. Any and all incident reports regarding this matter.

3. Any and all statements of parties, or witnesses to the incident that are in the defendant's possession.

4. Copies of any photographs, videos or other pictorial reproductions or representations of anything relating to the incident.

### NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above-cited Rule of Court, that

each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents, papers and other material referred to therein, received from any party upon the undersigned attorney and TAKE NOTICE that this is a CONTINUING demand.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made for fully responsive answers to Form C and Form C(3) Interrogatories appearing in Appendix II to the Rules of Court. Please take notice that the information requested in the interrogatories may be necessary to prepare an Affidavit of Merit. Without the responses to these interrogatories, plaintiffs may be unable to prepare an Affidavit of Merit and may be required to serve a sworn statement in lieu of an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-26 et seq.

## DEMAND FOR INSURANCE COVERAGE

Pursuant to R. 4:10-2, plaintiffs demand that each defendant produce a copy of all insurance policies, including

all excess or umbrella policies, with all declaration sheets within fifty (50) days of the service of this complaint.

### DEMAND FOR TRANSCRIPTION

Plaintiffs demand that each defendant provide a typed transcription of any and all handwritten records or notes relating in any way to the defendants within thirty (30) days of service of the complaint.

### AFFIDAVIT OF MERIT

Attached hereto is the Affidavit of Merit by Tyrone Krause, M.D. If any defendant contends that this Affidavit of Merit fail to completely satisfy the requirements of the Affidavit of Merit Statute in any way, demand is hereby made that the defendant immediately notify the plaintiffs of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A:53A-26 et seq.

### DESIGNATION OF TRIAL COUNSEL

Frank S. Gaudio, Esq., is hereby designated as trial counsel pursuant to R. 4:25-4.

DATED: May 20, 2014                MILLER & GAUDIO, P.C.

                                   _____
                                   FRANK S. GAUDIO, ESQ.
                                   Attorney for Plaintiffs

## CERTIFICATION

I, HEREBY CERTIFY that, to the best of my knowledge, the subject matter of the cause of action herein is not the subject of any other action pending in any court or of any pending arbitration proceeding and that no other court proceedings or arbitration proceedings are contemplated and that no other parties need be joined.

DATED: May 20, 2014

MILLER & GAUDIO, P.C.

_____
FRANK S. GAUDIO, ESQ.
Attorney for Plaintiffs

AFFIDAVIT OF MERIT

State of New Jersey
County of Hudson
SS:



RECEIVED & FILED
MAY 21 2014
SUPERIOR CT., OCEAN

Tyrone Krause, M.D., of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am a licensed doctor in the State of New Jersey and have practiced for at least five years in the field or specialty of Cardio-Thoracic Surgery. I am board certified in Cardio-Thoracic surgery.

2. I have no financial interest in the outcome of this case.

3. Based upon the records which I have reviewed and/or the facts of this matter, there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Ronald Dapuzzo by MARC ANDERSON M.D. fell outside acceptable professional or occupational standards or treatment practices.

I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:

_____
TYRONE KRAUSE, M.D.

Sworn to and subscribed before me on the __6__ day of
__February__, 2014.

DATED:

_____
Notary Public

CHERYL A. ZUK
NOTARY PUBLIC OF NEW JERSEY
I.D. # 2438934
My Commission Expires 9/24/2018

NOTICE

If any defendant contends that this Affidavit of Merit fails to completely satisfy the requirements of the Affidavit of Merit Statute in any way, demand is hereby made that the defendant immediately notify the plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraint of N.J.S.A. 2A:53A-26 et seq.