**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD DAPUZZO and PAULA DAPUZZO, : : : Plaintiff, : : v. : : MARC ANDERSON, M.D. : : Defendant. : : : | Civ. Action No. 14-6107 (FLW)(DEA)  **OPINION** |

**WOLFSON, United States District Judge:**

Defendant Mark Anderson, M.D. ("Defendant" or "Dr. Anderson") moves to dismiss the Complaint of Ronald Dapuzzo ("Mr. Dapuzzo") and Paula Dapuzzo ("Mrs. Dapuzzo") (collectively, "Plaintiffs"). Plaintiffs allege a medical malpractice action that resulted in injuries to Plaintiffs, both New Jersey residents, while Mr. Dapuzzo was under the medical care of Defendant, a Pennsylvania resident, at a Pennsylvania hospital. Before the court is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(3) for improper venue or, in the alternative, to transfer the action to the another venue, specifically the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404.

Defendant argues that the District of New Jersey is an improper venue because the Defendant does not reside in the state and because no conduct giving rise to the Complaint occurred in New Jersey. The Court disagrees and finds that the District of New Jersey is a proper venue for this case. Further, the court finds that there are no grounds warranting

1

transfer of the case to another venue. For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion to dismiss. The Court need not recount all facts and instead recounts only those relevant to a discussion of venue. In 2011, Mr. Dapuzzo began consulting with Dr. Anderson at Robert Wood Johnson University Hospital in New Brunswick, New Jersey. Compl. ¶ 1:2. Mr. Dapuzzo and Dr. Anderson met throughout 2011 and 2012 to discuss cardiac surgery. *Id.* at ¶ 1:5. Thereafter, Dr. Anderson relocated to Pennsylvania to take a position at Albert Einstein Medical Center ("AEMC"), in Philadelphia. Civil Motion Statement of Reasons, *Dapuzzo v. Anderson*, No. OCN-L-1461-14 (N.J. Super. Ct., Law Div. Sept. 19, 2014). Dr. Anderson performed an aortic valve replacement surgery at AEMC on June 21, 2012. *Id.* at ¶ 1:7. Plaintiffs allege that during this surgery and subsequent hospital stay in Philadelphia, the negligent conduct of Dr. Anderson, individually and as an agent of the hospital, resulted in injuries to Mr. Dapuzzo. *Id.* at ¶¶ 1:6–8. Additionally, Mrs. Dapuzzo alleges derivative loss of consortium stemming from her husband's injuries. *Id.* at ¶ 3:4.

Plaintiffs filed their Complaint in the Superior Court of New Jersey, Ocean County, on May 21, 2014. On August 11, 2014, Defendant filed a motion to dismiss the case based on, *inter alia*, improper venue. The Honorable Mark A. Troncone, J.S.C. denied the motion on September 14, 2014. Defendant then removed the case to the District Court of New Jersey on September 30, 2014. Defendant again moves for dismissal on the basis of

improper venue. In the alternative, Defendant moves to transfer this matter to the United States District Court for the Eastern District of Pennsylvania.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action for improper venue. The burden to show improper venue is on the moving party. *Myers v. Am. Dental Ass'n,* 695 F. 2d 716, 724–25 (3d Cir. 1982). "[A] plaintiff's choice of venue is accorded deference, especially when that choice is plaintiff's home forum." *MacKay v. Donovan*, 747 F. Supp. 2d 496, 502 (E.D. Pa. 2010) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). In deciding a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bookman v. First Am. Marketing Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citing *Pierce v. Shorty Small's of Branson Inc.*, 137 F. 3d 1190, 1192 (10th Cir. 1998)). The Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. The Court must determine whether venue is proper in accordance with the nature of the action when deciding a motion to dismiss for improper venue. *See Albright v. W.L. Gord & Associates, Inc.*, No. 02–304, 2002 WL 1765340, at *3 (D. Del. July 31, 2002) (citations omitted).

## III. DISCUSSION

### a. Venue

Defendant argues that the Court should dismiss the case because the District of New Jersey is an improper venue. FED. R. CIV. P. 12(b)(3). Defendant points to 28 U.S.C. § 1391, the federal statute generally governing venue. § 1391 provides that venue shall be proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* § 1391(b). Defendant claims that venue cannot be proper under § 1391(b)(1) because Defendant resides in Pennsylvania, not New Jersey. Defendant further argues that venue is not proper under § 1391(b)(2) because the Complaint avers that Defendant was negligent in Pennsylvania only, and so New Jersey is not a district "in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). It appears that Defendant argues that venue is improper under § 1391 and thus, dismissal is appropriate under 28 U.S.C. § 1406(a).[1]

However, contrary to Defendant's argument, § 1391 does not apply to actions removed to federal court.[2] 28 U.S.C. § 1390(c) explains that the federal venue statute "shall

---

[1] Defendant does not specifically move to dismiss under §1406(a), though that is the only statute under which a party may move to dismiss for improper venue. *See* 28 U.S.C. § 1406.

[2] Both parties' arguments miss the mark. Instead of pointing the Court to § 1390, Plaintiffs argue under § 1391 that a substantial part of the events giving rise to the claim arose in New Jersey because Defendant initiated his treatment of Mr. Dapuzzo in New Brunswick, New Jersey, and because Defendant first advised Mr. Dapuzzo of the necessity of aortic valve replacement in New Brunswick. Alternatively, Plaintiffs argue that the District of New Jersey is a proper venue pursuant to subsection (b)(3) because the Court has personal jurisdiction over the Defendant. However, subsection (b)(3) is implicated only where subsections (b)(1) and (b)(2) do not produce any proper venue (as in an instance where no events underlying the claim took place within any federal district). *See* 28 U.S.C. § 1391(b)(3).
Further, Plaintiffs repeatedly refer to an outdated version of the federal venue statute, in which the venue analysis was broken down by whether federal jurisdiction was premised on diversity of citizenship or the existence of a federal question. In that connection, Plaintiffs argue that § 1391(a), the obsolete venue provision applying to

not determine the district court to which a civil action pending in a state court may be removed." *Id.*; *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("§ 1391 has no application to [a] . . . removed action."); *see also Fantis Imps., Inc. v. Hellas Imp., Ltd.*, No. 07-0544 (JAG), 2008 WL 1790425, at *3 (D.N.J. Apr. 17, 2008) (citing *Polizzi*, 345 U.S. at 665). Instead, under 28 U.S.C. § 1441, a properly removable case[3] must be removed

---

diversity cases, should not apply because "jurisdiction in this case is not founded solely upon diversity of citizenship, but also on the amount of damages in controversy, which . . . is likely to be in excess of $75,000." Pls. Br. at 6.

This argument is flawed for multiple reasons. First, as aforementioned, Plaintiffs rely on an outdated version of § 1391; the current statute collapses any distinction in the venue analysis between federal cases premised upon diversity of citizenship and those premised upon the existence of a federal question. 28 U.S.C. §1391(b). Second, as 28 U.S.C. § 1332(a) states in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, *and* is between (1) citizens of different States . . . ." (emphasis added). Plaintiffs' misunderstanding of the basics of federal jurisdiction is troubling.

Troubling too is Defendant's response to Plaintiffs' argument that "[t]his matter was removed to Federal District Court based on diversity of citizenship, and the amount in controversy was addressed in defendants' Motion to avoid having this matter placed in mandatory arbitration." Def.'s Reply Br. at 2. Instead of pointing out that both diversity in citizenship between Plaintiffs and Defendant and an amount in controversy in excess of $75,000 is necessary to claim federal jurisdiction, Defendant instead incorrectly argues that the threshold amount to avoid mandatory arbitration in federal court is $75,000; in fact, that amount is $150,000. L.R. 201.1(d). This argument is particularly jarring because Defendant's notice of removal itself acknowledges that "this action satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because, as set forth above, all parties are of diverse citizenship and the amount in controversy as alleged in Plaintiffs Complaint is in excess of $75,000" and states, in accordance with the case law regarding Complaints that do not specify damage amounts, that it does not appear with legal certainty that Plaintiffs cannot recover in excess of $75,000 due to Defendant's $500,000 professional liability insurance policy. Notice of Removal at 6–7; *see also Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 292, 297–98 (3d Cir. 2004).

[3]   The Court also notes that there is a procedural defect in Defendant's removal: the notice of removal was filed more than 30 days after process was served on Defendant. *See* 28 U.S.C. § 1446(b). However, Plaintiffs did not move to remand on this basis within 30 days of the improper removal. *See* 28 U.S.C. § 1447(c). Further, as removal was only procedurally improper, and did not create a jurisdictional issue, a *sua sponte* remand is unavailable. *Nelson v. Medtronic, Inc. (In re FMC Corp. Packaging Sys. Div.)*, 208 F.3d 445, 451 (3d Cir. 2000). Therefore, this case will remain in the federal court system.

5

"to the district and division embracing the place where such action is pending." *Id.* § 1441(a). This is true even when that federal district would not have been a proper venue under § 1391 had the case been brought in federal court. *See* 28 U.S.C. §1390(c). Here, because the case was removed from Ocean County to the United States District Court of the District of New Jersey, the proper "district and division" under § 1441(a), venue is proper.[4]

### b. Transfer

In the alternative, Defendant moves to transfer this case to the United States District Court of the Eastern District of Pennsylvania due to improper venue. Transfer under § 1406(a) for improper venue is unavailable to Defendant because, again, venue is proper under § 1441. The appropriate transfer statute, then, would be 28 U.S.C. § 1404(a). *See, e.g.*, *Nat'l Asset Mgmt. v. Coleman*, Civ. No. 10-16, 2010 WL 3338343, at *2 (W.D. Pa. Aug. 23, 2010) ("In removed cases, the transfer of a case to another district is controlled by 28 U.S.C. § 1404(a) which permits a district court to transfer a case to another district for the convenience of the parties and witnesses and in the interests of justice."); *Thorlabs, Inc. v. Townsend Commc'ns, LLC.*, No. CIV.A. 03-4550 (JCL), 2004 WL 1630488, at *2 n.1 (D.N.J. June 30, 2004) (citing *Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 319 (D.N.J. 1997)).

---

[4] It is an open question in the Third Circuit as to whether § 1406(a) would apply where venue is proper but where the Court lacks personal jurisdiction. *Gallant v. Trustees of Columbia Univ. in City of New York*, 111 F. Supp. 2d 638, 646 (E.D. Pa. 2000); *see also United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964). Here, however, Defendant does not argue that the District of New Jersey does not have personal jurisdiction over him. Def.'s Reply Br. at 3. Therefore, personal jurisdiction is not a contested issue and, thus, § 1406(a) does not apply. *See, e.g.*, *Gallant*, 111 F. Supp. 2d at 646 n.8 (collecting cases).

A court may elect to transfer the action to another venue, even when venue is currently proper, "for the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 877, n.3 (3d Cir. 1995). § 1404(a) has been interpreted to encompass factors beyond the three named in the statute to include all relevant private and public interests affected by the transfer. *Jumara*, 55 F.3d at 879; *see also Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1946). Courts then balance "all relevant factors to determine whether . . . the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

Here, Defendants do not move to transfer under §1404(a), and even if the Court were to construe Defendant's alternative motion to transfer as one made pursuant to § 1404(a), Defendant makes no substantive arguments to further such a motion. Instead, Defendant simply reiterates his claim that the events giving rise to this action occurred in another forum. The only other support proffered by Defendant is a Pennsylvania state law that requires professional medical liability actions to be brought "in the county in which the cause of action arose." 42 Pa. C.S.A. § 5101.1(b). However, this law is irrelevant to this Court's determination of whether a transfer is appropriate. "Because questions of venue . . . are essentially procedural, rather than substantive, in nature, federal law applies in diversity cases irrespective of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, (1938)." *Jumara*, 55 F.3d at 877 (internal citation and quotation marks omitted).

Thus, this Court finds Defendant has not met his burden in proving that transfer is appropriate. This action will remain in the District of New Jersey.

## IV. CONCLUSION

For the above reasons, Defendant's motion to dismiss, or alternatively, motion to transfer is **DENIED**. An appropriate Order shall follow.


Dated: March 18, 2015

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
United States District Judge
